# EXHIBIT C



701 8th Street, NW, Suite 450, Washington, D.C. 20001
PHONE 202.545.4000   FAX 202.545.4001                                                                GrowthEnergy.org

December 1, 2021

**VIA CERTIFIED MAIL**

Hon. Michael Regan, Administrator
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Mail Code 1101A
Washington, DC 20460

Re: *Notice of Intent to Sue for Failure to Issue Requirements Under Renewable Fuel Standard Program*

Dear Administrator Regan:

By letter dated November 2, 2021 (attached), Growth Energy provided notice of its intent to sue the Environmental Protection Agency ("EPA") under section 304(a)(2) of the Clean Air Act to enforce EPA's mandatory, non-discretionary duties under section 211(*o*) of the Act to issue renewable fuel obligations for 2022 and to establish applicable volumes for 2023 for the Renewable Fuel Standard program ("RFS").  Now that the statutory deadline to issue renewable fuel obligations for 2022 has passed, Growth Energy writes to reinforce its notice of intent to sue EPA regarding that failure.

Growth Energy is the country's leading association of ethanol producers.  With its members, Growth Energy works to bring consumers better choices at the fuel pump, grow America's economy, and improve the environment.  Growth Energy's members' operations depend directly on the annual RFS obligations issued by EPA.

Under the Clean Air Act, "EPA must by November 30 of each year calculate and promulgate 'renewable fuel obligations that' will 'ensure that the Program's requirements … are met' in the upcoming year."[1]  Accordingly, EPA was required to issue the renewable fuel obligations for 2022 by November 30, 2021.  In its November 2 letter, Growth Energy explained that that was already impossible.

---

[1] *American Fuel & Petrochemical Manufacturers v. EPA*, 937 F.3d 559, 570 (D.C. Cir. 2019) (quoting 42 U.S.C. § 7545(o)(3)(B)(i)); *accord id.* at 571 ("EPA must promulgate annual percentage standards by November 30 each year"); *Alon Ref. Krotz Springs, Inc. v. EPA*, 936 F.3d 628, 637 (D.C. Cir. 2019) ("The statute calls on EPA to publish the percentage standards not later than November 30 …."); *Americans for Clean Energy v. EPA*, 864 F.3d 691, 699 (D.C. Cir. 2017) ("By statute, EPA is required to promulgate the percentage standards for a given year no later than November 30 of the preceding calendar year.").

The inevitable has now materialized: EPA has indeed failed to issue renewable fuel obligations for 2022 by the November 30 statutory deadline.

EPA's failure to timely perform this mandatory, non-discretionary duty not only violates the Clean Air Act, but also undermines Congress's intention that the RFS program "force the market to create ways to produce and use greater and greater volumes of renewable fuel each year"[2] and deprives market participants of the "market certainty" that is "so critical to the long term success of the Renewable Fuel Program."[3]

Therefore, Growth Energy urges EPA to promptly issue the renewable fuel obligations for 2022 (as well as the applicable volumes for 2023, which EPA still has not issued, or even proposed, despite its statutory duty to issue them by November 1, 2021). If EPA fails to do so within 60 days of this notice, we reserve our right to sue for relief,[4] including an order compelling EPA to perform this mandatory, non-discretionary duty promptly.[5]

If you have any questions concerning this notice, please contact me at 202-545-4025.

Respectfully submitted,

*Joseph Kakesh*
Joseph Kakesh
General Counsel
Growth Energy


cc:   The Honorable Merrick B. Garland
      Melissa Hoffer
      Joseph Goffman
      Alejandra Nuñez


Attachment

---

[2]   *Americans for Clean Energy*, 864 F.3d at 710; *accord American Fuel & Petrochemical Manufacturers*, 937 F.3d at 568.
[3]   *Americans for Clean Energy*, 864 F.3d at 715 (quotation marks omitted).
[4]   *See* 42 U.S.C. § 7604(b)(2) ("No action may be commenced … under subsection (a)(2) prior to 60 days after the plaintiff has given notice of such action to the Administrator ….").
[5]   *See* 42 U.S.C. § 7604(a)(2) ("any person may commence a civil action … against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator"); 5 U.S. Code § 706(1) ("The reviewing court shall … compel agency action unlawfully withheld or unreasonably delayed ….").



701 8th Street, NW, Suite 450, Washington, D.C. 20001
PHONE 202.545.4000   FAX 202.545.4001                    GrowthEnergy.org

November 2, 2021

**VIA CERTIFIED MAIL**

Hon. Michael Regan, Administrator
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Mail Code 1101A
Washington, DC 20460

Re: *Notice of Intent to Sue for Failure to Issue Requirements Under Renewable Fuel Standard Program*

Dear Administrator Regan:

Growth Energy hereby provides notice of its intent to sue the Environmental Protection Agency ("EPA") under section 304(a)(2) of the Clean Air Act to enforce EPA's mandatory, non-discretionary duties under section 211(*o*) of the Act to issue renewable fuel obligations for 2022 and to establish applicable volumes for 2023 for the Renewable Fuel Standard program ("RFS").

Growth Energy is the country's leading association of ethanol producers. With its members, Growth Energy works to bring consumers better choices at the fuel pump, grow America's economy, and improve the environment. Growth Energy's members' operations depend directly on the annual RFS obligations issued by EPA.

Under the Clean Air Act, "EPA must by November 30 of each year calculate and promulgate 'renewable fuel obligations that' will 'ensure that the Program's requirements … are met' in the upcoming year."[1] Accordingly, EPA is required to issue the renewable fuel obligations for 2022 by November 30, 2021. As of today—28 days before the statutory deadline—EPA has not even issued a notice of proposed rulemaking to establish those obligations. "Administrative agencies usually provide a

---

[1] *American Fuel & Petrochemical Manufacturers v. EPA*, 937 F.3d 559, 570 (D.C. Cir. 2019) (quoting 42 U.S.C. § 7545(o)(3)(B)(i)); *accord id.* at 571 ("EPA must promulgate annual percentage standards by November 30 each year"); *Alon Ref. Krotz Springs, Inc. v. EPA*, 936 F.3d 628, 637 (D.C. Cir. 2019) ("The statute calls on EPA to publish the percentage standards not later than November 30 …."); *Americans for Clean Energy v. EPA*, 864 F.3d 691, 699 (D.C. Cir. 2017) ("By statute, EPA is required to promulgate the percentage standards for a given year no later than November 30 of the preceding calendar year.").

comment period of thirty days or more"[2]; historically, EPA has provided more than 40 days—and usually more than 50 days—to comment on proposed RFS rules. Additionally, EPA is barred from issuing the final rule until at least 30 days have passed since the closure of the comment period.[3] Consequently, at this point, it is impossible for EPA to issue the 2022 renewable fuel by the statutory deadline.

Additionally, the Clean Air Act requires that, "for calendar years after the calendar years specified in the [statutory] tables," EPA "promulgate rules establishing the applicable volumes no later than 14 months before the first year for which such applicable volume will apply."[4] Accordingly, EPA must establish the applicable volumes for 2023 by November 1, 2021—yesterday. But EPA has not done so, in violation of the statutory deadline. (In fact, EPA has not even issued a notice of proposed rulemaking to establish those applicable volumes.)

EPA's failure to timely perform these mandatory, non-discretionary duties not only violates the Clean Air Act, but also undermines Congress's intention that the RFS program "force the market to create ways to produce and use greater and greater volumes of renewable fuel each year"[5] and deprives market participants of the "market certainty" that is "so critical to the long term success of the Renewable Fuel Program."[6]

Therefore, Growth Energy urges EPA to promptly issue the renewable fuel obligations for 2022 and the applicable volumes for 2023. Should EPA fail to do so within 60 days of this notice, we reserve our right to sue for relief,[7] including an order compelling EPA to perform these mandatory, non-discretionary duties promptly.[8]

If you have any questions concerning this notice, please contact me at 202-545-4025.

Respectfully submitted,

*[signature: Joe Kakesh]*

Joseph Kakesh
General Counsel
Growth Energy

---

[2]   *Hollingsworth v. Perry*, 558 U.S. 183, 192 (2010) (quotation marks omitted)
[3]   42 U.S.C. § 7607(d)(5) (EPA "shall keep the record of such proceeding open for thirty days after completion of the proceeding").
[4]   42 U.S.C. § 7545(*o*)(2)(B)(ii).
[5]   *Americans for Clean Energy*, 864 F.3d at 710; *accord American Fuel & Petrochemical Manufacturers*, 937 F.3d at 568.
[6]   *Americans for Clean Energy*, 864 F.3d at 715 (quotation marks omitted).
[7]   *See* 42 U.S.C. § 7604(b)(2) ("No action may be commenced … under subsection (a)(2) prior to 60 days after the plaintiff has given notice of such action to the Administrator ….").
[8]   *See* 42 U.S.C. § 7604(a)(2) ("any person may commence a civil action … against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator"); 5 U.S. Code § 706(1) ("The reviewing court shall … compel agency action unlawfully withheld or unreasonably delayed ….").

cc:    Joseph Goffman
       Melissa Hoffer
       Alejandra Nuñez