UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GROWTH ENERGY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00347 |
| | ) |
| UNITED STATES ENVIRONMENTAL | ) |
| PROTECTION AGENCY, | ) |
| | ) |
| Defendant. | ) |

### [PROPOSED] CONSENT DECREE

WHEREAS, Plaintiff Growth Energy filed the above-captioned matter against Defendant U.S. Environmental Protection Agency ("EPA") alleging that EPA has failed to undertake certain non-discretionary duties under the Clean Air Act and that such alleged failures are actionable under the Clean Air Act, 42 U.S.C. § 7604(a)(2);

WHEREAS, Growth Energy alleges that EPA failed to perform its obligation under the Clean Air Act, 42 U.S.C. § 7545(*o*)(3)(B), to determine and publish the renewable fuel obligations for calendar year 2021;

WHEREAS, Growth Energy alleges that EPA failed to perform its obligation under the Clean Air Act, 42 U.S.C. § 7545(*o*)(3)(B), to determine and publish the renewable fuel obligations for calendar year 2022;

WHEREAS, more than sixty days have passed since Growth Energy, under 42 U.S.C. § 7604(b)(2), notified EPA of its intent to bring this action;

WHEREAS, the relief requested in the complaint includes, among other things, an order from this Court to establish a date certain by which EPA must fulfill its alleged obligations;

1

WHEREAS, Growth Energy has elsewhere petitioned for review of EPA's final rule setting the 2020 renewable fuel obligations, *Growth Energy v. EPA*, No. 20-1113 (D.C. Cir.) (consolidated under lead case *RFS Power Coalition v. EPA*, No. 20-1046 (D.C. Cir.));

WHEREAS, EPA has signed a notice of proposed rulemaking that combines a proposal to revise the 2020 renewable fuel obligations with proposals to establish the 2021 and 2022 renewable fuel obligations, 86 Fed. Reg. 72,436 (Dec. 21, 2021);

WHEREAS, EPA addressed the 2020, 2021, and 2022 renewable fuel obligations in a single rulemaking proposal because EPA views the analysis and rationales supporting the renewable fuel obligations for the three years as highly intertwined, Dunham Decl. ¶¶ 13, 29, No. 20-1046 (D.C. Cir. Jan. 20, 2022), Doc. No. 1931535;

WHEREAS, EPA has requested voluntary remand of the 2020 renewable fuel obligations in light of that notice of proposed rulemaking, EPA Br., No. 20-1046 (D.C. Cir. Dec. 8, 2021), Doc. No. 1925941;

WHEREAS, Growth Energy has moved in the D.C. Circuit for a deadline for EPA to complete its reconsideration of the 2020 renewable fuel obligations, Mot. for Remand Without Vacatur Until Apr. 7, 2022, No. 20-1046 (D.C. Cir. Jan. 10, 2022), Doc. No. 1929915, and EPA has opposed that motion;

WHEREAS, if this consent decree is entered, thereby establishing deadlines for EPA to establish the 2021 and 2022 renewable fuel obligations, then Growth Energy intends to withdraw its motion in the D.C. Circuit for a deadline for EPA to complete its reconsideration of the 2020 renewable fuel obligations due to EPA's intention to complete its reconsideration of the 2020 renewable fuel obligations concurrently with its establishment of the 2021 and 2022 renewable fuel obligations through the single pending rulemaking;

WHEREAS, the Parties have agreed to a settlement of this action without admission of any issue of fact or law, except as expressly provided herein;

WHEREAS, the Parties consider this consent decree to be an adequate and equitable resolution of all the claims in this matter and therefore wish to effectuate this settlement;

WHEREAS, it is in the interest of the public, Plaintiff, EPA, and judicial economy to resolve this matter without protracted litigation;

WHEREAS, the Court, by entering this consent decree, finds that the consent decree is fair, reasonable, in the public interest, and consistent with the Clean Air Act;

NOW THEREFORE, before the taking of testimony, without trial or determination of any undecided issues of fact or law, and upon the consent of the Parties, it is hereby ordered, adjudged, and decreed that:

1. This Court has jurisdiction over the claims set forth in the complaint and may order the relief contained in this consent decree. Venue is proper in the United States District Court for the District of Columbia.

2. The Parties to this consent decree are Growth Energy and EPA.

3. The Parties shall not challenge the terms of this consent decree or this Court's jurisdiction to enter and enforce this consent decree.

4. No later than June 3, 2022, EPA shall sign a final rule determining, in accordance with 42 U.S.C. § 7545(*o*)(3)(B), the renewable fuel obligations for the 2021 calendar year.

5. No later than June 3, 2022, EPA shall sign a final rule determining, in accordance with 42 U.S.C. § 7545(*o*)(3)(B), the renewable fuel obligations for the 2022 calendar year.

6. The deadlines set forth in Paragraphs 4–5 may be extended (a) by written stipulation of the Parties with notice to the Court, or (b) by the Court following motion of EPA for

good cause shown. Any other provision of this consent decree also may be modified by the Court following motion of an undersigned party for good cause shown.

7. The Court shall retain jurisdiction to determine and effectuate compliance with the consent decree. When EPA's obligations under Paragraphs 4–5 have been completed, the above captioned matter shall be dismissed with prejudice and this consent decree shall terminate.

8. Except as provided herein, nothing in this consent decree shall be construed to limit or modify any discretion accorded to EPA by the Clean Air Act or by general principles of administrative law in taking the actions that are the subject of this consent decree, including the discretion to alter, amend, or revise any final actions promulgated pursuant to this consent decree. EPA's obligation to perform each action specified in this consent decree does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

9. Nothing in this consent decree shall be construed to confer upon this Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals pursuant to the Clean Air Act, 42 U.S.C. § 7607(b)(1), including but not limited to judicial review of the final rule(s) issued by EPA pursuant to Paragraphs 4–5.

10. Any notices required or provided for by this consent decree shall be in writing, via email or other means, and sent to the following:

    a. For Plaintiff Growth Energy:

        Seth P. Waxman
        Wilmer Cutler Pickering Hale & Dorr LLP
        1875 Pennsylvania Avenue NW
        Washington, DC 20006
        seth.waxman@wilmerhale.com

        David M. Lehn
        Wilmer Cutler Pickering Hale & Dorr LLP
        1875 Pennsylvania Avenue NW
        Washington, DC 20006
        david.lehn@wilmerhale.com

        Joseph Kakesh
        Growth Energy
        701 8th Street NW, Suite 450
        Washington, DC 20001
        jkakesh@growthenergy.org

    b.  For Defendant EPA:

        Chief, Environmental Defense Section
        U.S. Department of Justice
        P.O. Box 7611
        Washington, D.C. 20004
        MailProcessing_EDS.ENRD@usdoj.gov

        Tsuki Hoshijima
        U.S. Department of Justice
        Environment and Natural Resources Division
        Environmental Defense Section
        P.O. Box 7611
        Washington, D.C. 20044
        tsuki.hoshijima@usdoj.gov

11.    The Parties acknowledge that the obligations imposed on EPA under this consent decree can be undertaken using only appropriated funds legally available for such purpose. No provision of this consent decree shall be interpreted as or constitute a commitment or requirement that EPA obligate funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable law or regulation.

12.    If a lapse in EPA's appropriations occurs prior to any deadline in this consent decree, that deadline shall be extended automatically by one calendar day for each calendar day of delay caused by the lapse in appropriations. Nothing in this paragraph shall preclude EPA from seeking an additional extension through stipulation of the Parties or modification of this consent decree under Paragraph 6.

13.    The Parties agree that this consent decree shall constitute a complete and final settlement of all claims in the complaint.

14. Each party to this consent decree shall bear its own costs and attorney fees in this action.

15. If for any reason the Court declines to approve this consent decree in the form presented, this agreement is voidable at the sole discretion of either Party and the proposed consent decree's terms may not be used as evidence in any litigation between the Parties.

16. The Parties treat this consent decree as jointly drafted, and any rules of construction that construe any ambiguities in this document against the drafting party shall be inapplicable in any dispute concerning the interpretation of this consent decree.

17. This consent decree constitutes the entire agreement between the Parties and supersedes any prior or contemporaneous agreements, discussions, or representations, oral or written, with respect to the resolution of this case.

18. The Parties acknowledge that EPA must provide notice of this consent decree in the Federal Register and an opportunity for public comment pursuant to the Clean Air Act, 42 U.S.C. § 7413(g). After the close of the public comment period, the Administrator of EPA and/or the Attorney General, as appropriate, shall promptly consider any written comments and decide whether to withdraw or withhold their consent to this consent decree, in accordance with the Clean Air Act, 42 U.S.C. § 7413(g). If the Administrator and/or the Attorney General do not elect to withdraw or withhold consent, EPA shall promptly file a motion that requests that the Court enter this consent decree.

19. This consent decree applies to, is binding upon, and inures to the benefit of the Parties and their successors, assigns, and designees. This consent decree shall not be construed to create any rights in, or grant any cause of action to, any third party that is not a party to this consent decree.

20. The undersigned representatives of the Parties certify that they are fully authorized by the party they represent to consent to the Court's entry of the terms and conditions of this consent decree.

SO ORDERED on this 22nd day of April 2022.

_____
United States District Judge

FOR GROWTH ENERGY:

*Seth P. Waxman*                                       DATED: 2/7/2022

Seth P. Waxman
Wilmer Cutler Pickering Hale & Dorr LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
seth.waxman@wilmerhale.com

8

FOR EPA:

*/s/ Tsuki Hoshijima*
Tsuki Hoshijima
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-3468
tsuki.hoshijima@usdoj.gov

DATED: April 14, 2022